IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

    Plaintiff,

v.                                          Case No. 2:25-cv-00133-KWR-LF

WEXFORD HEALTH SOURCES, INC.
et al.

    Defendants.

## ORDER DENYING MOTION FOR ADMISSIONS

THIS MATTER is before the Court on plaintiff Jesse Ben Luna's request for admissions (Doc. 9). The document was filed in the Court's electronic filing system under the title "Motion for Admissions," but it is not clear whether Mr. Luna intended it to serve as a motion requiring the Court's action. *See* Doc. 9.

Mr. Luna states that the requests for admission are made pursuant to Federal Rule of Civil Procedure 36. Doc. 9 at 1. Rule 36 provides that "[a] party may serve *on any other party* a written request to admit." Fed. R. Civ. P. 36(a)(1) (emphasis added). The rules further clarify that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and *requests for admission*." Fed. R. Civ. P. 5(d)(1)(A) (emphasis added); D.N.M.LR-Civ. 26.2 (listing requests for admissions among documents that "must be served, but not filed with the Clerk").

The document, titled "Plaintiffs Request for Admissions," does not ask the Court to take any action, Doc. 9 at 1, and the Court has not ordered the filing of any discovery. Moreover, discovery has not yet commenced in this case. *See* Fed. R. Civ. P. 16, 26(f); D.N.M.LR-Civ. 26.4(a) ("A party may not seek discovery under these rules or the Federal Rules of Civil

Procedure before the parties have conferred as required by Fed. R. Civ. P. 26(f) except by agreement of all parties or by Court order."). The document is addressed solely to Defendants and asks Defendants to make admissions within 30 days, as allowed by Rule 36. The Court can only conclude that Mr. Luna intended the document to serve as Rule 36 requests for admission that should have been served on Defendants but not filed with the Court. *See* Fed. R. Civ. P. 5(d)(1)(A), 36(a)(1); D.N.M.LR-Civ. 26.2(c). Further, because discovery has not commenced, Defendants are under no obligation to respond to Mr. Luna's requests for admission.

To the extent that Mr. Luna intended the document to serve as a motion requiring action from this Court, the motion is DENIED. The Court further directs the Clerk to mail the Court's Guide for Pro Se Litigants to Mr. Luna. The Court reminds Mr. Luna that once discovery commences, the Federal Rules of Procedure and the Local Rules of Civil Procedure for the District of New Mexico list certain documents that are to be served on the other party but not filed with the Court.[1] *See* Fed. R. Civ. P. 5(d)(1)(A); D.N.M.LR-Civ. 26.2; *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (noting that pro se litigants are still obligated to comply with the fundamental requirements of the Federal Rules of Civil Procedure). The Local Rules provide a list of discovery documents, including requests for admission, that are not to be filed with the Court; however, a certificate indicating the date the document was served on the other party must be filed. D.N.M.LR-Civ. 26.2.

IT IS SO ORDERED.

Laura Fashing
United States Magistrate Judge

---

[1] The Local Rules of Civil Procedure for the District of New Mexico can be found on the Court's website at: https://www.nmd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

The Federal Rules of Civil Procedure can be accessed at the U.S. Courts website at: https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure.