IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

    Plaintiff,
v.                                                               Case No. 2:25-cv-00133-KWR-LF

WEXFORD HEALTH SOURCES, INC.
et al.

    Defendants.

## ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915 AND TO PROVIDE ADDRESSES OF DEFENDANTS

THIS MATTER is before the Court *sua sponte*, or on its own accord. Plaintiff Jesse Luna commenced this action in New Mexico state court, and defendant Wexford Health Sources, Inc. ("Wexford") removed the case to this Court on February 7, 2025. Doc. 1 at 1. Plaintiff served Wexford with his complaint on January 10, 2025, but has not yet served the remaining defendants. On November 20, 2025, the Court issued an order to show cause requiring Mr. Luna to effect service on the remaining defendants or provide the Court with a written explanation showing good cause why service has not been made. Doc. 13 at 2. On December 5, 2025, Mr. Luna timely responded to the order to show cause and explained that he has had trouble finding the addresses for some of the defendants. Doc. 15 at 1. Mr. Luna also explained that he believed the Court would serve the defendants because he had been granted leave to proceed in forma pauperis. *Id.* at 1–2.

The docket does not reflect that Mr. Luna moved to proceed in forma pauperis ("IFP") before this Court after the case was removed, but filings from the underlying state action reveal that Mr. Luna did move to proceed IFP while the case was still in state court. *See* Doc. 1-3. Attached to Mr. Luna's state motion is a trust fund account for the six-month period immediately

proceeding the filing of the complaint as required by 28 U.S.C. § 1915. *See* Doc. 1-3, at 5–6; 28 U.S.C. § 1915(a)(2).

The Court therefore will permit Mr. Luna to proceed IFP in this matter for the purpose of serving the remaining defendants and without prepayment of future fees that may arise in this matter or the necessity of giving security therefor. *See* § 1915(d); Fed. R. Civ. P. 4(c)(3). In his response to the Court's order to show cause, Mr. Luna states that he is able to begin partial payments of the filing fee. Doc. 15 at 1. However, because this matter was removed from state court, Mr. Luna is not required to pay the initial filing fee. *See Woodson v. McCollum*, 875 F.3d 1304, 1305 (10th Cir. 2017) ("State-court plaintiffs whose cases are removed to federal court have no obligation to pay a filing fee; nothing in the federal IFP statute is to the contrary.") The docket accordingly reflects that Wexford paid the $405 filing fee on February 7, 2025.

Because Mr. Luna is proceeding IFP, the Court will serve the defendants who have yet to be served. However, Mr. Luna must provide the Court with the appropriate addresses. *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [falls] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging the courts to assist in this endeavor."). Therefore, Mr. Luna is ordered to provide addresses for defendants Dr. Jose Andrade-Barazza, LNP Lilian A Klinger, RNP David Saavedra, Dr. Zhu, J. Sigala, Hernia Mesh Manufacturer, Dr. Dieter Dennig, Alisha Tafoya Lucero, Warden Mike De La Torre, Warden Lazarin, and New Mexico Department of Corrections by **Monday, January 12, 2025.**

IT IS SO ORDERED.

Laura Fashing
U.S. Magistrate Judge