IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

    Plaintiff,
v.                                                 Case No. 2:25-cv-00133-KWR-LF

WEXFORD HEALTH SOURCES, INC.,
et al.

    Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiff Jesse Luna's Motion for Default Judgment (Doc. 5), filed June 6, 2025. United States District Judge Kea Riggs referred this case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 14 at 1. I recommend that the Court deny the motion.

### BACKGROUND

Mr. Luna commenced this action in New Mexico state court, and defendant Wexford Health Sources, Inc. ("Wexford") removed the case to this Court on February 7, 2025. Doc. 1 at 1. Mr. Luna served Wexford with his complaint on January 10, 2025, *id.* ¶ 2, but the remaining defendants have yet to be served. Wexford filed its answer to Mr. Luna's complaint on February 17, 2025. *See* Doc. 2. On June 5, 2025, Mr. Luna filed a Motion for Default Judgment pursuant to Federal Rule of Procedure 55, requesting that default judgment be entered "against all Defendants that have not answered his original complaint." Doc. 5 ¶ 1.

On November 20, 2025, the Court issued an order to show cause requiring Mr. Luna to effect service on the remaining defendants or provide the Court with a written explanation showing good cause why service has not been made. Doc. 13 at 2. On December 5, 2025, Mr. Luna timely responded to the order to show cause and explained that he has had trouble finding the addresses for some of the defendants. Doc. 15 at 1. On December 11, 2025, the Court permitted Mr. Luna to proceed in forma pauperis and ordered Mr. Luna to provide the Court with the defendants' addresses so that the Court may effectuate service. Doc. 16 at 2.

## ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "default judgment cannot be entered against a defendant unless service of process is effected, or the defendant waives or accepts service." *Gonzalez v. Sandoval Cnty. Det. Ctr. and/or Med. Dep't*, No. 1:07-cv-00864-JB-KBM, 2008 WL 11451939, at *1 (D.N.M. Feb. 6, 2008) (citing *Nikwi v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987); *Texas W. Fin. Corp. v. Edwards*, 797 F.3d 902, 905 (10th Cir. 1986)); *see also Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (holding that entry of default against a defendant before it is obliged to file an answer is incorrect as a matter of law).

I recommend that the Court find that default judgment cannot be entered against the defendants in this matter. Wexford is the only defendant to have been served thus far. Doc. 1 ¶ 2. Wexford timely removed the case to this Court on February 7, 2025, *see* Doc. 1, and filed its answer to Mr. Luna's complaint on February 17, 2025, *see* Doc. 2. The remaining defendants have not been served and have no obligation to file an answer to Mr. Luna's complaint. *See* Doc. 16 (ordering Mr. Luna to provide the addresses of the remaining defendants so that the Court

may effectuate service upon them).  Entry of default against these defendants at this point in the proceedings thus would be incorrect as a matter of law.  *See Ashby*, 331 F.3d at 1152.

## CONCLUSION

For the foregoing reasons, I recommend that the Court DENY Mr. Luna's Motion for Default Judgment (Doc. 5).  Defendant Wexford has timely appeared and filed its answer in this matter.  The remaining defendants have yet to be served and thus have no obligation to file an answer in this matter.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.*  **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge