IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

     Plaintiff,

v.                                     Case No. 2:25-cv-00133-KWR-LF

WEXFORD HEALTH SOURCES, INC.
et al.

     Defendants.

**<u>MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND</u>**

THIS MATTER is before the Court on pro se plaintiff Jesse Luna's Motion to File Amended Complaint (Doc. 8). On November 25, 2025, United States District Judge Kea Riggs referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 14 at 1. Having reviewed the briefings, the law, and otherwise being fully advised, the Court DENIES Mr. Luna's Motion to File Amended Complaint (Doc. 8).[1]

---

[1] The Court considers the motion nondispositive and issues this order pursuant to FED. R. CIV. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). The Tenth Circuit declined to decide in a published opinion whether a motion to amend a complaint is dispositive, but its unpublished decisions have generally treated such motions as nondispositive and within the authority of a magistrate judge to decide. *Langworthy v. Alcon*, No. 1:24-cv-01291-MLG-KRS, 2025 WL 2409961, at *1 n.1 (D.N.M. Aug. 20, 2021) (collecting cases); *see also Ellis v. Franco*, No. 1:15-cv-00848-JCH-KBM, 2017 WL 3605361, at *1–*2 (D.N.M. Mar. 8, 2017) (noting that "the Tenth Circuit has generally treated motions to amend as non-dispositive in its unpublished opinions" and that "other Circuits have explicitly held that motions to amend are not dispositive").

If there is any doubt about the nondispositive nature of the motion, this order may be construed as my proposed findings and recommended disposition pursuant to the district judge's order of referral (Doc. 14). *See Langworthy*, 2025 WL 2409961, at *1 n.2; *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009) (explaining that if a magistrate judge enters an order on a dispositive matter, the district judge "has the authority to ignore the form of the decision and treat it as a Report and Recommendation"). In either case, the parties have fourteen (14) days from entry of this order to file objections with the district judge. *See* FED. R. CIV. P. 72(a), (b)(2); 28 U.S.C. § 636(b)(1).

**BACKGROUND**

Mr. Luna commenced this action in New Mexico state court on January 6, 2025, Doc. 1-2 at 1, and defendant Wexford Health Sources, Inc. ("Wexford") removed the case to this Court on February 7, 2025, Doc. 1 at 1. On February 17, 2025, Wexford filed an answer to Mr. Luna's complaint. Doc. 2. On October 20, 2025, Mr. Luna filed a motion for leave to file to amend his complaint. Doc. 8.

In the motion, Mr. Luna "requests permission to amend [his] Prayer and Relief, consolidating all damages against all Defendants . . . . in the amount of $250,000.00 and other relief deemed appropriate by the court." Doc. 8 at 3. Wexford filed a response in opposition to the motion on November 3, 2025, arguing that the motion "does not provide a drafted Amended Complaint and it is unclear what aspects of the current Complaint will be modified, other than the relief requested against all defendants. It is unclear whether he intends to add parties or claims and against whom any new claims will be asserted." Doc. 10 at 1. Mr. Luna did not file a reply. *See* D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

**ANALYSIS**

Federal Rule of Civil Procedure 15 governs when pleadings may be amended, and the requirements for making amendments depend on the stage of the litigation. For example, a plaintiff may amend a complaint "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Once that timeframe has passed, "a party may amend its pleading" before trial "only with the opposing party's written consent or the court's

2

leave." FED. R. CIV. P. 15(a)(2).  The Local Rules of Civil Procedure of the United States District Court for the District of New Mexico ("Local Rules") further require that "[a] proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1.  While leave to amend should be freely given when justice so requires, FED. R. CIV. P. 15(a)(2), a court may properly "deny leave to amend where a party failed to file an adequate motion for leave to amend." *Lopez v. Jensenlopez*, No. 1:24-cv-00988-KWR-LF, 2025 WL 2145647, at *1 (D.N.M. July 29, 2025); *see also Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282–83 (10th Cir. 2021) (finding no abuse of a district court's discretion to deny amendment in part because plaintiffs did not comply with local rule requiring that a proposed pleading be attached to a motion for leave to amend).

Mr. Luna filed his motion to amend his complaint 245 days after Wexford filed its answer.  *See* Docs. 2, 8.  Mr. Luna thus can no longer amend his complaint as a matter of course and may only amend with Defendants' written consent or the Court's leave.  *See* FED. R. CIV. P. 15(a)(2).  Wexford opposes Mr. Luna's motion to amend because the motion does not provide a drafted amended complaint and does not make clear how Mr. Luna intends to amend his complaint.  Doc. 10 at 1.  The Court agrees with Wexford and will deny Mr. Luna's motion to amend without prejudice on those grounds.

I.    **Mr. Luna's motion does not comply with the Local Rules.**

The Local Rules require parties to attach their proposed amended pleading to a motion to amend a pleading.  D.N.M.LR-Civ. 15.1.  Mr. Luna has titled part of his motion, "Proposed Amended Complaint," but the substance that follow resembles reasoning in support of his motion to amend rather than an amended complaint.  *See* Doc. 8 at 2–5.  Mr. Luna describes the reasons he believes amendment is necessary, such as his decision to reduce the damages he seeks

and because he appears to have identified additional supporting facts. *See id.* But Mr. Luna does not incorporate these modifications into a proposed amended complaint attached to his motion. The Court agrees with Wexford that, without more, Mr. Luna's motion cannot be properly evaluated and is not in compliance with Local Rule 15.1. *See* Doc. 10 at 1. The Court therefore will deny Mr. Luna's motion without prejudice. Mr. Luna may file another motion to amend with a proposed amended complaint attached.

## II. Amendment of the complaint is required to substitute parties with fictitious names.

While Mr. Luna served Wexford with his complaint on January 10, 2025, Mr. Luna has since been granted leave to proceed in forma pauperis, and the Court has worked to serve the remaining defendants pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Docs. 16, 22, 30. In his complaint, Mr. Luna named "Hernia Mesh Manufacturer" as a defendant, but Mr. Luna did not know the party's real name and appeared to use this fictitious name as a placeholder until the party's identity was known. *See* Doc. 30 at 2. The Court ordered Wexford to file a notice containing the hernia mesh manufacturer's name and address, if known to Wexford, no later than March 16, 2026. *Id.* at 3. On March 12, 2026, Wexford timely filed a notice stating that, to the best of its knowledge and belief, the hernia mesh manufacturer is Medtronic, whose registered agent is Corporation Service Company, located at 1601 N. Turner St., Suite 420, Hobbs, New Mexico 88420. Doc. 33 at 1–2. On March 23, 2026, Mr. Luna filed a notice with this same information but has not moved the Court to amend his complaint to add Medtronic as a party to this case. *See* Doc. 35.

Medtronic has not been added as a party to this lawsuit, and the Court may not substitute Medtronic for Hernia Mesh Manufacturer in this case on its own accord. Substituting named defendants for defendants originally named under fictitious names "amount[s] to adding a new

4

party." *Pacheco v. N.M. Dep't of Corr.*, No. 1:24-cv-01050-LF-JMR, 2025 WL 3171497, at \*2 (D.N.M. Nov. 13, 2025) (alteration in original) (quoting *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004)).  A plaintiff must make such substitutions in an amended complaint.  *See Garrett*, 362 F.3d at 696.  Thus, if Mr. Luna wants to add Medtronic to this lawsuit, he must do so by moving to amend his complaint to substitute Medtronic for Hernia Mesh Manufacturer.

## CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Luna's Motion to File Amended Complaint (Doc. 8) without prejudice.  Mr. Luna may again move the court for leave to amend his complaint, but he must attach a proposed amended complaint to his motion as required by Local Rule 15.1.  The District's Guide for Pro Se Litigants has been mailed to Mr. Luna.  *See* Doc. 13.  The Guide contains information on drafting complaints and includes a sample complaint form.  *See* U.S. Dist. Crt. for the Dist. of N.M., Guide for Pro Se Litigants, at 8–9, 14 (2022), https://www.nmd.uscourts.gov/sites/nmd/files/ProSePackage.pdf.  If Mr. Luna wishes to file a second motion to amend his complaint, he must file the motion to amend with the proposed amended complaint attached within 21 days of the date of this order.

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)."  D.N.M.LR-Civ. 73.1(a).  "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy."  FED. R. CIV. P. 72(a).  The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  If objections are timely filed, the district judge must consider the objections but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law."  FED. R. CIV. P. 72(a).  If objections are not timely filed, the firm waiver rule applies.  *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("[T]he firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a).").  "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions."  *Id*. at 781 n.23 (citation modified); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

Laura Fashing
United States Magistrate Judge