IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

      Plaintiff,

v.                                          Case No. 2:25-cv-00133-KWR-LF

WEXFORD HEALTH SOURCES, INC.
et al.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RECOMMENDING DISMISSAL OF DEFENDANT LNP KLINGER WITHOUT PREJUDICE**

THIS MATTER is before the Court *sua sponte*.  Plaintiff Jesse Luna commenced this action in New Mexico state court, and defendant Wexford Health Sources, Inc. ("Wexford") removed the case to this Court on February 7, 2025.  Doc. 1 at 1.  Plaintiff served Wexford with his complaint on January 10, 2025, but did not serve the remaining defendants.  *Id.*  The Court granted Mr. Luna leave to proceed in forma pauperis and ordered Mr. Luna to provide the Court with the addresses for the unserved defendants, including defendant LNP Klinger, so that the Court may effectuate service on his behalf.  Doc. 16 at 1–2.

Mr. Luna provided addresses for some of the defendants by the first deadline but did not provide addresses for other defendants, including LNP Klinger.  Doc. 22 at 1.  The Court extended Mr. Luna's deadline to provide the remaining addresses to February 20, 2026, and Mr. Luna was notified that "[f]ailure to provide addresses for these defendants by the deadline may result in dismissal of this action against them."  *Id.*  Mr. Luna provided addresses for more of the defendants by this second deadline but still did not provide an address for LNP Klinger.  Doc. 30 at 1.  The Court permitted "Mr. Luna a final opportunity to provide an address for defendant LNP Klinger" by March 16, 2026.  *Id.* at 2.  That deadline has passed, and Mr. Luna still has not provided the Court with either LNP Klinger's address or an explanation for his failure to do so.

**ANALYSIS**

The Court must order service when a plaintiff proceeds in forma pauperis pursuant to 28 U.S.C. § 1915. FED. R. CIV. P. 4(c)(3). However, the plaintiff must provide the Court with service addresses for the defendants. *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [falls] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging the courts to assist in this endeavor—even when the plaintiffs are in prison."). Where a plaintiff fails to provide addresses for a defendant, and the Court is unable to effectuate service on his or her behalf, the Court must dismiss the claims against that defendant without prejudice. FED. R. CIV. P. 4(m); *see Salazar v. Gardner*, No. 1:19-cv-00642-MV-JHR, 2020 WL 13801123, at *2 (D.N.M. July 21, 2020), *proposed findings and recommended disposition adopted*, 2020 WL 13801121 (D.N.M. Sep. 9, 2020).

I recommend that the Court dismiss the claims against defendant LNP Klinger without prejudice. The Court ordered Mr. Luna to provide an address for LNP Klinger and has twice extended Mr. Luna's deadline to provide that address. Doc. 16 at 2; Doc. 22 at 1; Doc. 30 at 2. The Court notified Mr. Luna that his failure to provide the requested addresses for defendants "may result in dismissal of this action against them." Doc. 22 at 1. The Court's most recent order extending the deadline notified Mr. Luna that he had "a final opportunity to provide an address for defendant LNP Klinger," and that her address should be provided "no later than March 16, 2026." Doc. 30 at 2. Mr. Luna did not provide LNP Klinger's address by the extended deadline, nor has he provided her address after that deadline. The Court therefore is unable to order service on LNP Klinger pursuant to Federal Rule of Civil Procedure 4(c)(3), and I recommend that the Court dismiss the claims against LNP Klinger without prejudice. *See* FED. R. CIV. P. 4(m).

## CONCLUSION

Mr. Luna has not provided the Court with an address for defendant LNP Klinger, and the

Court is unable to effectuate service upon that defendant.  I therefore recommend that the Court

dismiss the claims against LNP Klinger without prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  *Id*.  In other words, if no objections are filed, no appellate review will be allowed.**

---

Laura Fashing
United States Magistrate Judge

3