IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

      Plaintiff,

v.                                                                    Case No. 2:25-cv-00133-KWR-LF

WEXFORD HEALTH SOURCES, INC.
et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO APPOINT COUNSEL**

THIS MATTER is before the Court on pro se plaintiff Jesse Ben Luna's motions to

appoint counsel (Docs. 17, 38), filed December 22, 2025, and April 15, 2026, respectively.

Defendant Wexford Health Sources, Inc. ("Wexford") filed a response in opposition to Mr.

Luna's first motion on December 31, 2025.  Doc. 19.  Mr. Luna did not file a reply.  *See*

D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the

time prescribed for doing so constitutes consent that briefing on the motion is complete.").

Having reviewed the parties' submissions and the applicable law, the Court denies the motions.

**BACKGROUND**

Pro se plaintiff Jesse Ben Luna brings claims of "faulty failed hernia mesh, wanton and

unnecessary infliction of pain, violation of 8th Amendment, deliberate indifference, delay in

treatment, [and] ongoing physical and mental anguish" while he is incarcerated.  Doc. 1-2 at 1.

Mr. Luna states that he "suffered a bi-lateral inguinal hernia in 2018," and that he "submitted

numerous sick calls to [Wexford] complaining about horrible pain and obvious bulge and

rupture."  *Id.* at 2.  Mr. Luna explained that he "continued submitting numerous sick calls and

formal and informal complaints" but was "sanctioned [and] accused of faking injury to avoid working kitchen detail." *Id.* In 2022, Mr. Luna states that a surgery was performed wherein a "hernia mesh was placed but failed soon after," resulting in "horrible pain day and night." *Id.* Mr. Luna describes reporting his pain and his need for revisionary treatment over a period of eight months. *Id.* at 2–3.

Mr. Luna asserts that when he was seen by medical staff for pain treatment and examinations, he was subject "to humiliation and mental and emotional injury." *Id.* at 3–5. Mr. Luna states that he was scheduled for revision surgery on only his left side, but after the operation he discovered that the surgery was "performed on both sides of [his] groin and abdomen," resulting in "post op pain." *Id.* at 6. Mr. Luna also states that a catheter was "roughly inserted into the penis and bladder," resulting in "pain urinating." Mr. Luna states he was referred to a urologist, but "still suffers horrible pain day and night." *Id.* He claims that he "suffers from both physical and mental anguish from years of neglect, delay of treatment and deliberate indifference by [Wexford's] medical director and health service administrators." *Id.* Plaintiff requests $6,000,000.00 against Wexford and the hernia mesh manufacturer. *Id.* at 8.

Mr. Luna filed his first motion to appoint counsel on December 22, 2025. Doc. 17. Wexford filed a response in opposition to the motion on December 31, 2025, arguing that Mr. Luna "has failed to provide support that there is merit or complexity in his claims and that he is unable to investigate the facts and present his claims warranting the relief requested." Doc. 19 at 2. Mr. Luna did not file a reply brief in support of his motion, but he did file a second motion to appoint counsel on April 15, 2026. Doc. 38. The second motion is duplicative of the first, and the Court will consider both motions together. *Compare* Doc. 17 *with* Doc. 38.

**ANALYSIS**

Generally, no constitutional right to counsel exists in civil proceedings. *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). Indigent prisoners may move the Court to request counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1), with the burden on the movant "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Unlike an appointment of counsel in a criminal case, a court request for counsel pursuant to § 1915(e)(1) is just that: a request. *See Long v. San Juan Cnty. Det. Ctr.*, 1:21-cv-01175-DHU-LF, 2023 WL 4106448, at *1 (D.N.M. June 21, 2023). And the demand for pro bono counsel in civil cases greatly outweighs the number of available attorneys. *See Nutt v. City of Las Cruces*, No. 2:24-cv-00203-GJF-JHR, 2025 WL 1950890, at *2 (D.N.M. July 16, 2025) (noting that "hundreds of deserving civil litigants seek appointment from a small number of available attorneys each year, and the Court lacks both authority and means to provide counsel in all but the most dire circumstances").

Given the demand for pro bono legal assistance in civil matters, the Court "must use discretion in deciding which cases warrant a request for counsel," *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016), and the Court's decision will only be overturned in "extreme cases" resulting in "fundamental unfairness," *Hill*, 393 F.3d at 1115 (quoting *McCarthy*, 753 F.2d at 838). The court's consideration of a request for counsel "contemplates an examination of the state of the record at the time the request is made," *McCarthy*, 753 F.2d at 838, and the factors relevant to the Court's decision include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims," *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.

1995) (quoting *Williams v. Meese* 926 F.2d 994, 996 (10th Cir. 1991)).  The Court considers Mr. Luna's arguments in light of the *Rucks* factors below.

## I.      The Merits of Mr. Luna's Claims

Though *Rucks* did not explicitly define at what point a claim is meritorious enough to support a request for counsel, it considered whether the plaintiff had a "likelihood of prevailing on the merits." *Id.*  Another Tenth Circuit case considered whether a plaintiff has a "colorable" claim by considering whether the case survives a motion for summary judgment.  *See McCarthy*, 753 F.2d at 839.  The Court has extended that reasoning to find merit where a plaintiff's claims survive a motion to dismiss.  *See Hester v. Lee Cnty. Corr. Facility (GEO Grp.) Staff*, No. 2:23-cv-00516 DHU-LF, 2025 WL 385670, at *2 (D.N.M. Feb. 4, 2025).

Here, no motions for summary judgment have yet been filed, and the Court has yet to rule on the pending motion to dismiss Mr. Luna's complaint against certain defendants.  *See* Doc. 34. But even assuming that Mr. Luna has met his burden of demonstrating a sufficiently meritorious claim, the remaining *Rucks* factors weigh against the Court requesting pro bono counsel for Mr. Luna at this time.  *See Rucks*, 57 F.3d at 979 (explaining that the court should consider the remaining *Rucks* factors *if* the plaintiff has demonstrated a colorable claim); *Blake v. GEO Grp., Inc.*, No. 1:17-cv-00807-MIS-KK, 2022 WL 4099238, at *1 (D.N.M. Mar. 18, 2022) (a colorable claim alone is insufficient to warrant a request for counsel).

## II.      The Nature of the Factual Issues Raised in the Claims

The factual issues in this case pertain to the medical treatment that Mr. Luna received while incarcerated.  Some of the factual issues attendant to those claims are complex, at least insofar as they involve questions of appropriate medical treatment.  However, Mr. Luna so far has litigated these matters ably, notwithstanding their complexity.  *See Hester*, 2025 WL 385670,

at *3 (finding that this factor weighs against a request for counsel in a case involving medical treatment where the pro se litigant has "alleged relevant facts with appropriate detail and sufficient explanation to demonstrate to the Court that the factual issues . . . are within his capacity to litigate"). Moreover, "the Tenth Circuit has frequently upheld the denial of motions to appoint counsel in deliberate indifference cases." *Long v. Williamson*, No. 18-3189-HLT-GEB, 2021 WL 4439392, at *2 & n.12 (D. Kan. Sep. 28, 2021) (collecting cases). The Court accordingly finds that this factor weighs against requesting counsel at this time.

### III.  Mr. Luna's Ability to Present His Claims

The Tenth Circuit has found that this factor weighs against a request for counsel where the pro se litigant "understands court procedure, writes cogently and . . . knows how to find relevant cases and other authorities." *McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 (10th Cir. Sep. 30, 2021). On the other hand, this factor may weigh in favor of a request for counsel where the pro se litigant demonstrates significant limitations. *See McCarthy*, 753 F.2d at 839 (finding a request for counsel appropriate in part because the pro se litigant was confined to a wheelchair, debilitated by multiple sclerosis, and had failing eyesight, impaired hearing, and difficulty communicating).

In his motions, Mr. Luna does not allege any disabilities that affect his ability to present his claims. Mr. Luna states that he has only a GED and limited knowledge of the law, but lack of legal training alone is insufficient to warrant the Court's request for pro bono counsel. *See Rucks*, 57 F.3d at 979. Further, Mr. Luna's filings thus far have been legible, well-organized, and supported with properly formatted citations to legal authority. *See McCleland*, 2021 WL 4469947, at *5; *see also Esquer v. New Mexico*, No. 1:15-cv-00091-MV-LF, 2015 WL 13658587, at *2 (D.N.M. Aug. 21, 2015) (finding this factor weighed against requesting counsel

where a pro se litigant "has in general been able to explain to the Court what he seeks and why he seeks it, and to include citations to legal authority").  The Court therefore finds that this factor weighs against requesting counsel at this time.

**IV.      The Complexity of the Legal Issues Raised by the Claims**

Mr. Luna brings claims of wanton and unnecessary infliction of pain, deliberate indifference, delayed treatment, and ongoing physical and mental anguish in violation of the Eighth Amendment.  Doc. 1-2 at 1.  The Tenth Circuit has considered similar claims to be relatively simple in the context of a request for counsel in a civil case.  *See Scott v. Hormel*, 854 F. App'x 958, 959–60 (10th Cir. 2021) (addressing an inmate's claims for "deliberate indifference to his medical needs in violation of the Eighth Amendment"); *Abu-Fakher v. Bode*, 175 F. App'x. 179, 185 (10th Cir. 2006) (inmate's Eighth Amendment claims of deliberate indifference to serious medical needs and excessive force were "not particularly complex" in appointment of counsel analysis).  *But see McCarthy*, 753 F.2d at 839 ("[W]here the medical questions are complex in a 'deliberate indifference' claim, the legal aspects become more complicated as well.").  Mr. Luna's claims are of a similar character to those of *Scott* and *Abu-Fakher*, and as explained above, the facts presented thus far are not complex enough to complicate the related legal questions.  This factor thus weighs against a request for counsel at this time.

**V.      It is not necessary at this time for the Court to request counsel for Mr. Luna.**

Applying the *Rucks* factors to the circumstances of this case, the Court finds that Mr. Luna has not carried his burden of demonstrating that it is necessary for the Court to request counsel for him at this time.  Even assuming that Mr. Luna's claims are meritorious, he has

litigated capably so far and has not demonstrated that his case is so complex legally or factually that a pro se litigant cannot manage it.

## CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Luna's motions to appointment counsel (Docs. 17, 38). The Court has previously sent Mr. Luna the District's Guide for Pro Se Litigants, *see* Doc. 12, which includes a list of attorney referral services in New Mexico on page six. That list is not exhaustive, and the Court is not endorsing the organizations on the list as the only or best way to find an attorney.

While the Court cannot advocate for pro se litigants, pro se litigants are entitled to a measure of leniency that is not extended to parties represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1100 & n.3 (10th Cir. 1991). Mr. Luna's pro se status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure, *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994), but the Court will afford Mr. Luna the leniency he is due if he is unable to secure counsel in this matter.

IT IS SO ORDERED.

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. _United States v. One Parcel of Real Prop._, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. _See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd._, 989 F.3d 747, 781–83 (10th Cir. 2021) ("[T]he firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)."). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions." _Id._ at 781 n.23 (citation modified); _see also_ FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

Laura Fashing
U.S. Magistrate Judge

8