IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

Plaintiff,

v. Case No. 2:25-cv-00133-KWR-LF

WEXFORD HEALTH SOURCES, INC.
et al.,

Defendants.

**ORDER**

THIS MATTER is before the Court on pro se plaintiff Jesse Ben Luna's second and third motions for leave to file an amended complaint, filed April 23, 2026 (Doc. 42) and May 6, 2026 (Doc. 50); and on Mr. Luna's Request of the Courts ADR Coordinator to Refer to Facilitation (Doc. 74), filed September 14, 2026. For the following reasons, the Court DENIES the motions.

**BACKGROUND**

Mr. Luna commenced this action in the Third Judicial District, County of Doña Ana, State of New Mexico on January 6, 2025, Doc. 1-2 at 1, and defendant Wexford Health Sources, Inc. ("Wexford") removed the case to this Court on February 7, 2025, Doc. 1 at 1. Mr. Luna first sought to amend his complaint on October 20, 2025. *See* Doc. 8. The Court denied that motion on April 22, 2026, for failure to comply with the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico ("Local Rules"). *See* Doc. 39. Mr. Luna has since filed three motions for leave to file an amended complaint. *See* Docs. 42, 50, 69. The motions are currently pending, as are several motions to dismiss certain defendants. *See* Docs. 34, 66, 70.

On January 6, 2025, before this matter was removed to federal court, an "Order Requiring Scheduling Reports, A Discovery Plan, Expert Witness Disclosure, and Limiting Stipulations to Enlarge Time for Responsive Pleadings" was entered by the state court. Doc. 1-5 at 1–8. The order set deadlines for the parties to complete and file scheduling reports. *Id.* at 1–4. Attached to the order were blank scheduling report forms, including a blank LR-3 Form 2.13. *Id.* at 5–8. Since the case was removed to federal court, no Rule 16 Initial Scheduling Order has been entered to date.

## ANALYSIS

### I. Mr. Luna's second and third motions for leave to file an amended complaint are denied as moot.[1]

The Court deems Mr. Luna's second and third motions to amend as withdrawn and denies them as moot. "Generally, an amended motion replaces and supersedes the prior motion, and the Court does not rule on the merits of the original motion. Rather, the original motion is withdrawn or denied as moot." *Fresquez v. White*, No. 1:21-cv-00043-KWR-GBW, 2022 WL

[1] The Court considers these motions nondispositive and issues this order pursuant to FED. R. CIV. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). The Tenth Circuit declined to decide in a published opinion whether a motion to amend a complaint is dispositive, but its unpublished decisions generally have treated such motions as nondispositive and within the authority of a magistrate judge to decide. *Langworthy v. Alcon*, No. 1:24-cv-01291-MLG-KRS, 2025 WL 2409961, at *1 n.1 (D.N.M. Aug. 20, 2021) (collecting cases); *see also Ellis v. Franco*, No. 1:15-cv-00848-JCH-KBM, 2017 WL 3605361, at *1–*2 (D.N.M. Mar. 8, 2017) (noting that "the Tenth Circuit has generally treated motions to amend as non-dispositive in its unpublished opinions" and that "other Circuits have explicitly held that motions to amend are not dispositive").

If there is any doubt about the nondispositive nature of the motion, this order may be construed as my proposed findings and recommended disposition pursuant to the district judge's order of referral (Doc. 14). *See Langworthy*, 2025 WL 2409961, at *1 n.2; *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009) (explaining that if a magistrate judge enters an order on a dispositive matter, the district judge "has the authority to ignore the form of the decision and treat it as a Report and Recommendation"). In either case, the parties have fourteen (14) days from entry of this order to file objections with the district judge. *See* FED. R. CIV. P. 72(a), (b)(2); 28 U.S.C. § 636(b)(1).

900478, at *1 (D.N.M. Mar. 28, 2022); *see also Vacek v. Ct. of Appeals*, No. 6:07-cv-01187-BB-RHS, 2008 WL 11440681, at *2 (D.N.M. Apr. 28, 2008) (deeming a plaintiff's first two motions to amend withdrawn after plaintiff filed a third motion to amend). Plaintiff's fourth motion to amend his complaint (Doc. 69) supersedes his prior two pending motions to amend (Docs. 42, 50). Plaintiff's fourth motion to amend remains pending and is the operative motion to amend.

**II. The Court vacates the state court's January 6, 2025, scheduling order and denies Mr. Luna's motion for referral to an ADR Coordinator as premature.**

In a motion filed on September 14, 2026, Mr. Luna requests the Court's "permission for the ADR Coordinator to refer this claim and cause to facilitation, and honor his Joint Scheduling Report." Doc. 74 at 1. Mr. Luna also requests certain discovery, and has attached a completed LR3-Form 2.13 scheduling report form provided by the state court. *Id.* at 2–3. Mr. Luna also briefly asks the Court to reconsider its prior order denying his motion to appoint counsel. *Id.* at 1. Defendants Wexford Health Sources, Inc., Dr. Dieter Dennig, David, Saavedra, and Dr. Jose Andrade Barazza ("Wexford Defendants") filed a response in opposition to Mr. Luna's motion on September 28, 2026. Doc. 76.

Mr. Luna's discovery and scheduling requests are pursuant to the state court's January 6, 2025, scheduling order. *See* Doc. 1-5 at 1–4. When a case is removed to federal court from state court, all orders entered by the state court prior to removal "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. However, after a case has been removed, "federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. of Alameda Cnty.*, 415 U.S. 423, 437 (1974). Here, the New Mexico Rules of Civil Procedure for the District Courts governed the scheduling and discovery in this matter before its removal, but now that the case has been removed to federal

court, the Federal Rules of Civil Procedure and this District's local rules govern scheduling and discovery. FED. R. CIV. P. 81(c)(1). In the interest of case management, because the state court's January 6, 2025, scheduling order was entered pursuant to the state's procedural rules rather than the federal procedural rules that now govern these proceedings, the Court will vacate the state court order pending a new scheduling order pursuant to the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 16 governs pretrial scheduling. Rule 16 provides that, in most cases, the Court must issue an initial scheduling order "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2). All defendants to date have been served and have appeared in this matter, but the Court finds good cause to delay entering an initial scheduling order given the case's current procedural posture.

Several motions to dismiss remain pending that may remove defendants from this matter. *See* Docs. 34, 66, 70. Further, Mr. Luna's fourth motion for leave to amend his complaint seeks to add a new defendant, Medtronic. Doc. 69 at 1. The Court therefore will delay entering a scheduling order until the Court rules on the pending motions to dismiss and Mr. Luna's fourth motion to amend his complaint. Because the state scheduling order has been vacated and the Court has not yet entered an initial scheduling order, the Court will deny Mr. Luna's motion for alternative dispute resolution as premature.

Regarding Mr. Luna's request that the Court reconsider appointing Mr. Luna counsel, Mr. Luna presents no basis for the Court to reconsider its prior order denying appointment of counsel. Petitioner appears to understand the issues in the case and to be representing himself in a capable manner. *See Chavez v. Horton*, No. 1:19-cv-01151-KWR-LF, 2020 WL 14008344, at

*3 (D.N.M. July 17, 2020). The Court accordingly denies Mr. Luna's request for reconsideration of its April 23, 2026, order denying Mr. Luna's Motion to Appoint Counsel (Doc. 43).

IT IS THEREFORE ORDERED THAT

(1) Mr. Luna's second motion for leave to amend his complaint (Doc. 42) and third motion for leave to amend his complaint (Doc. 50) are DENIED as moot;

(2) The state court's January 6, 2025, pre-removal "Order Requiring Scheduling Reports, A Discovery Plan, Expert Witness Disclosure, and Limiting Stipulations to Enlarge Time for Responsive Pleadings" (Doc. 1-5) is VACATED;

(3) Mr. Luna's Request of the Courts ADR Coordinator to Refer to Facilitation (Doc. 74) is DENIED; and

(4) the Court finds good cause to delay entering a scheduling order at this time due to the pending motions to dismiss (Docs. 34, 66, 70) and motion for leave to amend the complaint (Doc. 69).

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("[T]he firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)."). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions." *Id.* at 781 n.23 (citation modified); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

Laura Fashing
United States Magistrate Judge