IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

Plaintiff,

v. Case No. 2:25-cv-00133-KWR-LF

WEXFORD HEALTH SOURCES, INC.
et al.,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the following motions filed in this matter: (1) defendants New Mexico Department of Corrections, Alisha Tafoya Lucero, Mike De La Torre, Carlos Lazarin, and Joshua Sigala's ("NMCD Defendants") Motion to Dismiss (Doc. 34), filed March 20, 2026; (2) pro se plaintiff Jesse Ben Luna's fourth Motion for Leave to File Amended Complaint (Doc. 69), filed July 28, 2026; defendant Dr. Jay Zhu's Motion to Dismiss with Prejudice (Doc. 66), filed July 20, 2026; and Mr. Luna's Motion to Voluntarily Dismiss Complaint (Doc. 70), filed July 30, 2026. Having reviewed the briefing, the law, and otherwise being fully advised, I recommend that the Court grant Dr. Zhu's Motion to Dismiss with Prejudice (Doc. 66) and Mr. Luna's fourth Motion for Leave to File an Amended Complaint (Doc. 69). I further recommend that the Court deny NMCD Defendants' Motion to Dismiss (Doc. 34) and Mr. Luna's Motion to Voluntarily Dismiss Complaint (Doc. 70) as moot.

**BACKGROUND**

Mr. Luna commenced this action in New Mexico state court on January 6, 2025, Doc. 1-2 at 1, and defendant Wexford Health Sources, Inc. ("Wexford") removed the case to this Court on February 7, 2025, Doc. 1 at 1. On March 20, 2026, NMCD Defendants filed a Motion to

Dismiss Mr. Luna's original complaint. Doc. 34. Mr. Luna did not respond to the motion but he moved to amend his complaint on October 20, 2025. *See* Doc. 8. The Court denied that motion on April 22, 2026, for failure to comply with the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico ("Local Rules"). *See* Doc. 39. Mr. Luna subsequently filed two more motions for leave to file an amended complaint. Docs. 42, 50. Mr. Luna most recently filed a fourth motion for leave to amend his complaint on July 28, 2026, Doc. 69, and the Court found that this fourth motion superseded the prior two pending motions, Doc. 80. Only Dr. Zhu filed a response to the fourth motion for leave to file an amended complaint, stating that he does not oppose the motion. Doc. 72 at 1–2.

On July 20, 2026, Dr. Zhu filed a Motion to Dismiss with Prejudice. Doc. 66. In the motion, Dr. Zhu notes several statements in Mr. Luna's filings that evidence Mr. Luna's intent to dismiss Dr. Zhu from this matter. *Id.* at 1–2. Mr. Luna did not respond directly to the motion but subsequently filed a Motion to Voluntarily Dismiss Complaint on July 30, 2026. Doc. 70. In the motion, Mr. Luna seeks to "dismiss Dr. Zhu, Alisha Tafoya Lucero, Mike De La Torre, Carlos Lazarin, J. Sigala[,] and the New Mexico Department of Corrections from this lawsuit." *Id.* at 2. Only Dr. Zhu filed a response to the motion, stating that he concurs in its request to dismiss him from the lawsuit and that he does not oppose the motion insofar as it seeks to dismiss the NMCD defendants. Doc. 71 at 1.

## ANALYSIS

### I. The Court should grant Dr. Zhu's Motion to Dismiss with Prejudice and dismiss Dr. Zhu from this case with prejudice.

On July 20, 2026, defendant Dr. Zhu filed a motion to dismiss him from the case with prejudice. Doc. 66. Dr. Zhu notes that in a prior filing, Mr. Luna stated that he "understands Dr. Zhu did his best to perform a re-vision [sic] surgery, a major surgery that took hours to

complete," and that he "appreciate[s] Dr. Zhu and am realizing that it would be wrong to continue involving this Defendant in this litigation." *Id.* at 1–2 (quoting Doc. 63 ¶ 2). Mr. Luna stated that he "agrees that dismissing the Plaintiffs complaint against Dr. Zhu would be appropriate as it would be necessary to preserve orderly procedure and prevent further delay." Doc. 63 ¶ 3. Mr. Luna stated that he "will file appropriate Motion to dismiss claim against Dr. Zhu." *Id.* ¶ 4.

Mr. Luna did not file a response to Dr. Zhu's motion to dismiss with prejudice, instead filing a Motion to Voluntarily Dismiss Complaint on July 30, 2026. Doc. 70. In the motion, Mr. Luna moves to voluntarily dismiss not only his claims against Dr. Zhu but also against defendants Alisha Tafoya Lucero, Mike De La Torre, Carlos Lazarin, J. Sigala, and the New Mexico Department of Corrections ("NMCD Defendants"). *Id.* ¶ 3. As to Dr. Zhu, Mr. Luna explains:

> Dismissing plaintiff[']s claim against Dr. Jay Zhu would be appropriate as plaintiff has found Dr. Zhu performed surgery having to repair a faulty hernia mesh requiring him to work on both sides of the bi-lateral inguinal hernia. Plaintiff now understands Dr. Zhu did his best work and plaintiff appreciates the care given and amount of skill that was necessary to repair the failed hernia mesh, on both sides of plaintiff[']s groin.

*Id.* ¶ 1. As to the NMCD Defendants, Mr. Luna stated that "[d]ismissing plaintiff[']s claim against the [NMCD Defendants] would be appropriate as it would be necessary to preserve orderly procedure and prevent further delay." *Id.* ¶ 2.

On July 31, 2026, Dr. Zhu filed a response to Mr. Luna's motion to voluntarily dismiss. Doc. 71. Dr. Zhu stated that he concurs with the motion and does not oppose the motion "insofar as it seeks dismissal of the New Mexico Corrections Department defendants." *Id.* at 1. Dr. Zhu notes that Mr. Luna did not specify in his motion whether Dr. Zhu's dismissal should be with or

without prejudice, and Dr. Zhu requests that the Court dismiss him from the case with prejudice given that his motion to dismiss seeks dismissal with prejudice. *Id.*

Federal Rule of Procedure 41 governs voluntary dismissals and refers to dismissal of an "action" rather than an individual claim or party. FED. R. CIV. P. 41(a). The Tenth Circuit has stated that Rule 41's voluntarily dismissal provision "speaks to dismissal of an action, not just a claim within an action," and that "Rule 41(a) applies to dismissal of less than all claims in an action." *Gobbo Farms & Orchards v. Poole Chem. Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996). Courts in this district have interpreted *Gobbo Farms* to hold that an "action" for purposes of Rule 41(a) "refers to all the claims asserted against a single defendant, and not necessarily to the entire case." *See, e.g.*, *Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 323–24 (D.N.M. 2014). A recent, though unpublished, opinion by the Tenth Circuit appears to support this interpretation. *See Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, No. 21-5022, 2022 WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022) (noting that Rule 41(a)(1)(A) "permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed"). But even if Rule 41(a) does not permit the voluntary dismissal of less than an entire action, this case's procedural posture permits the Court to dismiss Dr. Zhu and the NMCD Defendants on other grounds.

As to Dr. Zhu, Mr. Luna never filed a response to Dr. Zhu's motion to dismiss the claims against him with prejudice. Under the Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). And while not a direct response to Dr. Zhu's motion, Mr. Luna's motion to voluntarily dismiss makes apparent his concurrence that Dr. Zhu should be dismissed from this action. Doc. 70 ¶¶ 1, 3–4. While Mr. Luna does not specify whether Dr. Zhu's dismissal should be with or without prejudice, Mr. Luna has not expressed opposition to

Dr. Zhu's dismissal with prejudice in either a response to Dr. Zhu's motion or in reply to Dr. Zhu's response to his motion to voluntarily dismiss. I therefore recommend that the Court grant Dr. Zhu's motion to dismiss as unopposed, and that the Court dismiss Dr. Zhu from this matter with prejudice.

As to the NMCD Defendants, the NMCD Defendants did file a motion to dismiss Mr. Luna's original complaint on March 20, 2026. Doc. 34. Mr. Luna did not file a response to the motion, though he subsequently moved to amend his complaint for the second time on April 23, 2026. *See* Doc. 42. The proposed amended complaint attached to that motion and a subsequent motion continued to list the NMCD Defendants as defendants. *See* Doc. 42 at 3; Doc. 50 at 4. However, the proposed amended complaint attached to Mr. Luna's most recent motion to amend no longer includes the NMCD Defendants as defendants in this matter. Doc. 69 ¶ 4. Should the Court grant Mr. Luna's fourth motion to amend his complaint, the NMCD Defendants will be dismissed from this matter in addition to their motion to dismiss being moot. *See Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."); *see also Urenco, USA, Inc. v. Baker Concrete Constr., Inc.*, No. 2:21-cv-01224-KWR-GBW, 2022 WL 1078570, at *1 (D.N.M. Apr. 11, 2022) (noting that an amended complaint typically moots a motion to dismiss).

## II. The Court should grant Mr. Luna's fourth Motion for Leave of the Court to File Amended Complaint.

Federal Rule of Procedure 15 governs when pleadings may be amended. Once 21 days have passed after service of a responsive pleading or Rule 12(b), (e), or (f), a party may amend his or her pleading before trial "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)–(2). The Court will freely grant leave to amend when justice so

requires. FED. R. CIV. 15(a)(2). Mr. Luna appropriately seeks the Court's leave to amend his complaint now that more than 21 days have passed since both an answer and Rule 12(b) motion to dismiss were filed in this matter. *See* Docs. 2, 34.

To date, only defendant Dr. Zhu has filed a response to Mr. Luna's fourth motion for leave to amend his complaint. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). In his response, Dr. Zhu states that he "does not oppose Plaintiff's Motion for Leave of the Court to File Amended Complaint." Doc. 74 at 2. I therefore recommend that the Court grant Mr. Luna's Fourth Motion for Leave to File Amended Complaint as unopposed.

Should the Court adopt my recommendation that the motion be granted, NMCD Defendants should be dismissed from this matter without prejudice. As noted previously, Mr. Luna filed a motion to voluntarily dismiss the NMCD Defendants from the case. Doc. 70. The proposed amended complaint attached to Mr. Luna's motion accordingly omits NMCD Defendants as defendants. Doc. 69 at 1. Granting Plaintiff's motion for leave to amend thus will dismiss the NMCD Defendants from this matter. And after both Dr. Zhu and NMCD are removed from this case, Mr. Luna's motion to voluntarily dismiss those defendants will become moot. Should the Court adopt my recommendations, I therefore further recommend that the Court deny Mr. Luna's Motion to Voluntarily Dismiss Complaint (Doc. 70) as moot.

Further, should the Court adopt my recommendation and grant Mr. Luna's motion, defendant Medtronic should be substituted for defendant Hernia Mesh Manufacturer. When Mr. Luna filed his original complaint, he listed a defendant pseudonymously as "Hernia Mesh Manufacturer." *See* Doc. 30 at 2. The mesh manufacturer's identity has since been revealed to

be Medtronic. Doc. 33 at 1; Doc. 35 at 1. In his motion for leave to amend, Mr. Luna seeks to formally substitute Medtronic for Hernia Mesh Manufacturer. Doc. 69 at 1. Dr. Zhu does not oppose this amendment, Doc. 72 ¶ 7, and no other defendants responded to the motion.

Finally, Mr. Luna has handwritten his filings in this case, and his proposed amended complaint is eight pages long, single-spaced. Rather than requiring Mr. Luna to rewrite and refile the proposed amended complaint as an amended complaint, I recommend that the Court direct the Clerk of Court to file Mr. Luna's proposed amended complaint (Doc. 69 at 2–9) as an amended complaint. *See Wilson v. Gonzalez*, No. 16-cv-00604-MCA-CG, 2017 WL 4534843, at *5 (D.N.M. Feb. 8, 2017) (directing the Clerk of Court to file a proposed amended complaint as an amended complaint).

## CONCLUSION

For the foregoing reasons, I recommend that the Court GRANT Dr. Zhu's Motion to Dismiss with Prejudice (Doc. 66) and Mr. Luna's fourth Motion for Leave of the Court to File Amended Complaint (Doc. 69). I further recommend that the Court DENY AS MOOT NMCD Defendants' Motion to Dismiss (Doc. 34) and Mr. Luna's Motion to Voluntarily Dismiss Complaint (Doc. 70). I also recommend that the Court direct the Clerk of Court to file Mr. Luna's proposed amended complaint (Doc. 69 at 2–9) on the docket as an amended complaint; terminate defendants Dr. Zhu, J. Sigala, Alisha Tafoya Lucero, Warden Mike De La Torre, Warden Lazarin, and New Mexico Department of Corrections from the docket; and substitute Medtronic for defendant Hernia Mesh Manufacturer on the docket.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge